IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR DAMIEN PINEDA-PORTILLO, | |
| Plaintiff, | CV F 07 0582 OWW WMW |
| vs. | ORDER FOR PLAINTIFF TO INFORM COURT WHETHER HE WISHES TO PROCEED WITH THIS ACTION |
| SIX UNKNOWN AGENTS, et al., | |
| Defendants. | |

Plaintiff is a federal prisoner proceeding pro se. Plaintiff seeks relief pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). Plaintiff has not paid the $350.00 filing fee or submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff, an inmate in the custody of the U.S. Bureau of Prisons at the Federal Correctional Institution at Greenville, Illinois, brings this civil rights action against unknown defendants employed by the Bureau of Prisons at Greenville. The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a

judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

In this case, none of the defendants reside in this district. The claim arose in Bond County, which is in the Southern District of Illinois. Therefore, plaintiff's claim should have been filed in the United States District Court for the Southern District of Illinois. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).

Plaintiff is cautioned that the filing fee for a civil action in federal court is $350.00. Should Plaintiff desire to proceed with this action, the court will transfer this case to the District of Illinois, and that court will direct the U.S. Bureau of Prisons to collect and forward to the court the $350.00 filing fee from Plaintiff's inmate trust account. Plaintiff is advised that, pursuant to Federal Rule of Civil Procedure 41(a)(1)(i), he may dismiss this case on his own motion. Should plaintiff file a notice of voluntary dismissal in response to this order, this case will be dismissed without prejudice, and without the entry of a payment order.

Plaintiff is granted thirty days from the date of service of this order to inform the court whether he intends to proceed with this action. Plaintiff's failure to file a response to this order within thirty days will result in a recommendation that this action be dismissed, without prejudice, for failure to prosecute. Should this court dismiss this case for failure to prosecute, a payment order will not be entered.

Accordingly, IT IS HEREBY ORDERED that plaintiff shall file, within thirty days of the date of service of this order, a response to this order, indicating whether he desires to proceed with this action.IT IS SO ORDERED.

**Dated:   May 17, 2007**          /s/  **William M. Wunderlich**
                                    UNITED STATES MAGISTRATE JUDGE