IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HECTOR DAMIEN PINEDA-PORTILLO,

    Plaintiff,        CV F 07 0582 OWW WMW P

vs.                  FINDINGS AND RECOMMENDATION

SIX UNKNOWN AGENTS, et al.,

    Defendants.

    Plaintiff is a federal prisoner proceeding pro se. Plaintiff seeks relief pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). Plaintiff has not paid the $350 filing fee or submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff, an inmate in the custody of the U.S. Bureau of Prisons at the Federal Correctional Institution at Greenville, Illinois, brings this civil rights action against unknown defendants employed by the Bureau of Prisons at Greenville. The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action

may otherwise be brought. 28 U.S.C. § 1391(b).

In this case, none of the defendants reside in this district. The claim arose in Bond County, which is in the Southern District of Illinois.  Therefore, plaintiff's claim should have been filed in the United States District Court for the Southern District of Illinois.

In an order entered on May 17, 2007, Plaintiff was cautioned that the filing fee for a civil action in federal court is $350.   Plaintiff was advised that should hef desire to proceed with this action, the court will transfer this case to the District of Illinois.   Plaintiff was also advised that pursuant to Federal Rule of Civil Procedure 41(a)(1)(i), he may dismiss  this case on his own motion.

Plaintiff was granted thirty days in which to inform the court whether he intends to proceed with this action. Plaintiff was specifically cautioned that his failure to file a response to the order within thirty days would result in a recommendation that this action be dismissed, without prejudice, for failure to prosecute.   The thirty day period had passed, and Plaintiff has not filed a response to the order of May 17, 2007.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is  advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

1  F.2d 1153 (9th Cir. 1991).

2  payment order will not be entered.

7  IT IS SO ORDERED.

8  **Dated:   June 28, 2007**                            **/s/  William M. Wunderlich**
                                                    UNITED STATES MAGISTRATE JUDGE